IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE HAND PROMOTIONS, INC.,

        Plaintiff,

v.                                          CV 13-1193 WPL/CG

JAVIER SILVA, MANUEL O. MORALEZ,
ROBERTO BEJARANO, BILL F.
SCOTT, and GADSDEN MEMORIAL
POST #4384,

        Defendants.

**ORDER GRANTING BILL SCOTT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

This matter is before me on Bill Scott's Motion to Set Aside Clerk's Entry of Default. (Doc. 38.) Joe Hand Promotions ("Joe Hand") did not file a response. I held oral argument on this and other pending motions on May 6, 2015.

"The court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). The primary considerations for good cause include "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at \*3 (10th Cir. 1995) (unpublished table decision). A court need not consider all three factors and may consider other factors. *Id.* (citation omitted). "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." *Id.* (citations omitted).

Scott argues that he failed to answer timely because he moved out of state and had no knowledge of service. I find that Scott has shown good cause for setting aside the clerk's entry of default. Scott's argument that he did not have knowledge of service is plausible, Joe Hand would not be prejudiced if entry of default is set aside, and Scott has presented a meritorious defense. Accordingly, Scott's motion is GRANTED and the clerk's entry of default is hereby set aside.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.