IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE HAND PROMOTIONS, INC.,

        Plaintiff,

v.                                                                                               CV 13-1193 WPL/CG

JAVIER SILVA, MANUEL O. MORALEZ,
ROBERTO BEJARANO, BILL F.
SCOTT, and GADSDEN MEMORIAL
POST #4384,

        Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    This matter is before me on Defendants' Motion for Summary Judgment. (Doc. 41.) Joe Hand Promotions filed a response (Doc. 46), and Defendants filed a reply (Doc. 52). I held oral argument on this and other pending motions on May 6, 2015.

    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence

presented. *Id.* A mere "scintilla" of evidence is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmovant. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

Based on the briefing and oral argument, I find that there are genuine disputes of material fact. First, it remains a genuine dispute of material fact whether Defendants were authorized to show the programming at Gadsden Memorial Post #4384 ("the VFW"), since the bill from DirecTV was pursuant to an account opened by an individual former commander rather than in the name of the VFW. Second, the absence of proof in the record that the VFW is a non-profit organization creates a genuine dispute of material fact regarding the VFW's corporate status. Therefore, summary judgment would be inappropriate, and the motion is DENIED.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.